Case 4:19-cv-04577 Document 18 Filed on 07/23/20 in TXSD Page 1 of 7

United States District Court
Southern District of Texas
**ENTERED**
July 23, 2020
David J. Bradley, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| TROY LYNN JONES, | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. 4:19-4577 |
| | § | |
| LORIE DAVIS, | § | |
| | § | |
| Respondent. | § | |

## MEMORANDUM OPINION AND ORDER

Petitioner Troy Lynn Jones brings this habeas action under 28 U.S.C. § 2254. Jones has filed a petition (Dkt 1), a more definite statement (Dkt 5), and an amended petition (Dkt. 14). The Court previously dismissed the case under Federal Rule of Civil Procedure 41(b), but reinstated it on July 2, 2020 (Dkt. 10, Dkt. 16). After reviewing all of the pleadings as required under 28 U.S.C. § 2241, *et seq.*, and Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts, the Court concludes that the case must be dismissed without prejudice for reasons explained briefly below.

**I.     BACKGROUND**

Jones filed his initial petition (Dkt. 1) when detained at the Harris County Jail. He filed his amended petition (Dkt. 14) after his release from custody. Jones' filings are difficult to decipher but apparently challenge a parole revocation proceeding in Harris County in August 2019. *See* Dkt. 14, at 2 (stating that he challenges a conviction from "Joe Kegans ISF," an intermediate sanctions facility in Houston, on August 22, 2019 and

that length of sentence was "5 months"); *id*. at 3 (stating that his parole was revoked and he was illegally incarcerated for five months). His pleadings also refer to a 90-day sentence after conviction by a Harris County court in October 2019 and to a 25-year sentence from an unidentified court (*id*. at 4). Jones appears to allege that officials detained him for an excessive amount of time (five months) after his parole was revoked, that his incarceration in connection with his revocation was illegal, and that officials improperly impounded his vehicle (*id*. at 6).

Publicly available criminal records from Harris County reflect that Jones was charged on August 22, 2019, with possession of a controlled substance, Cause No. 1643314, 183rd District Court of Harris County. *See* Record Search, Harris County District Clerk, available at https://www.hcdistrictclerk.com/Edocs/Public/search.aspx (last visited July 22, 2020). On October 24, 2019, the 183rd District Court of Harris County entered judgment against Jones and sentenced him to 30 days in the Harris County Jail. *See id*.

In his petition, when asked to provide information about any state habeas filings, Jones provided the case number for this civil action and another federal case, rather than a state proceeding.[1] Publicly available records from Harris County and the Texas Court

---

[1] *See* Dkt. 1, at 3-4 (stating that he filed Case No. 4:19-CV-4234 before the Texas Court of Criminal Appeals in October 2019; case number matches a federal case filed by Troy on October 28, 2019, which was dismissed on June 30, 2020); Dkt. 5, at 4 (stating that he filed Case No. 4:19-CV-4577 before the Texas Court of Criminal Appeals; case number matches this civil action); Dkt. 14, at 3-4 (referring to case filed in federal court).

of Criminal Appeals do not reflect any state habeas applications or petitions for discretionary review filed by Jones to challenge any 2019 proceeding.

## II.     EXHAUSTION OF REMEDIES

The Antiterrorism and Effective Death Penalty Act ("AEDPA") requires a federal habeas petitioner to first present his habeas claims to the state courts. 28 U.S.C. § 2254(b)(1)(A) (federal habeas writ shall not be granted to a person in state custody "unless it appears that . . . the applicant has exhausted the remedies available in the courts of the State"). To comply with exhaustion, a petitioner must "fairly present his legal claim to the highest state court in a procedurally proper manner." *Nickleson v. Stephens*, 803 F.3d 748, 753 (5th Cir. 2015) (quotation omitted). The federal claim "must be the substantial equivalent of the claim brought before the State court." *Young v. Davis*, 835 F.3d 520, 525 (5th Cir. 2016) (internal quotation marks and citation omitted). The exhaustion requirement "is not jurisdictional, but reflects a policy of federal-state comity designed to give the State an initial opportunity to pass upon and correct alleged violations of its prisoners' federal rights." *Moore v. Quarterman*, 454 F.3d 484, 490-91 (5th Cir. 2006) (internal citations and quotations omitted)). Exceptions exist only where "there is an absence of available State corrective process" or "circumstances exist that render such process ineffective to protect the rights of the applicant." 28 U.S.C. § 2254(b)(1)(B). A federal habeas petitioner shall not be deemed to have exhausted the remedies available in the state courts "if he has the right under the law of the State to raise, by any available procedure, the question presented." 28 U.S.C. § 2254(c).

A reviewing court may raise a petitioner's failure to exhaust *sua sponte*. *See Tigner v. Cockrell*, 264 F.3d 521, 526 (5th Cir. 2001).

In Texas, a criminal defendant may exhaust remedies by taking the following paths: (1) the petitioner may file a direct appeal from a judgment of conviction followed, if necessary, by a petition for discretionary review in the Texas Court of Criminal Appeals; and/or (2) he may file a petition for a writ of habeas corpus under Article 11.07 of the Texas Code of Criminal Procedure in the convicting court, which is transmitted to the Texas Court of Criminal Appeals once the trial court determines whether findings are necessary. *See* TEX. CODE CRIM. PROC. art. 11.07 § 3(c); *see also Busby v. Dretke*, 359 F.3d 708, 723 (5th Cir. 2004) ("Habeas petitioners must exhaust state remedies by pursuing their claims through one complete cycle of either state direct appeal or post-conviction collateral proceedings.").

Claims regarding parole revocation procedures are cognizable under Article 11.07 of the Texas Code of Criminal Procedure. *See, e.g., Ex Parte Evans*, 964 S.W.2d 643, 647 (Tex. Crim. App. 1998) (citing *Board of Pardons and Paroles ex rel. Keene v. Court of Appeals for the Eighth Dist.*, 910 S.W.2d 481, 483 (Tex. Crim. App. 1995)). As with claims pertaining to a criminal trial, a petitioner must file an application for state habeas corpus relief in the court and county in which he was convicted. *See id.* (citing *Ex parte Woodward*, 619 S.W.2d 179 (Tex. Crim. App. 1981); *Ex parte Alexander*, 861 S.W.2d 921, 922 (Tex. Crim. App. 1993)).

In this case, public records do not reflect any habeas petition filed by Jones in Harris County or in the Texas Court of Criminal Appeals. Jones' petition claims that he has filed a state petition, but provides only case numbers for federal lawsuits, including the case at bar. *See* Dkt. 1, at 3-4; Dkt. 5, at 4; Dkt. 14, at 3-4. Jones has not completed state habeas corpus review under Article 11.07 of the Texas Code of Criminal Procedure or exhausted state court remedies before seeking federal review of his parole revocation proceeding. Because this state process remains available to Jones, he does not fit within a recognized exception to the exhaustion doctrine. Comity requires this Court to defer until the Texas Court of Criminal Appeals has addressed the claims raised in his petition.

To the extent Jones seeks to challenge his Harris County conviction in Cause No. 1643314, rather than a parole revocation proceeding, his claims are unexhausted for the same reasons.

Jones' federal habeas petition must be dismissed as premature for lack of exhaustion.

### III. CERTIFICATE OF APPEALABILITY

Habeas corpus actions under 28 U.S.C. § 2254 or § 2255 require a certificate of appealability to proceed on appeal. 28 U.S.C. § 2253(c)(1); *Miller-El v. Cockrell*, 537 U.S. 322, 335-36 (2003). Rule 11 of the Rules Governing Section 2254 Cases requires a district court to issue or deny a certificate of appealability when entering a final order that is adverse to the petitioner.

A certificate of appealability will not issue unless the petitioner makes "a substantial showing of the denial of a constitutional right," 28 U.S.C. § 2253(c)(2), which requires a petitioner to demonstrate "'that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong.'" *Tennard v. Dretke*, 542 U.S. 274, 282 (2004) (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)). Under the controlling standard, a petitioner must show "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Miller-El*, 537 U.S. at 336 (internal citation and quotation marks omitted). Where denial of relief is based on procedural grounds, the petitioner must show not only that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right," but also that they "would find it debatable whether the district court was correct in its procedural ruling." *Slack*, 529 U.S. at 484.

A district court may deny a certificate of appealability, *sua sponte*, without requiring further briefing or argument. *Alexander v. Johnson*, 211 F.3d 895, 898 (5th Cir. 2000). After careful review of the pleadings and the applicable law, the Court concludes that reasonable jurists would not find its assessment of the claims debatable or wrong. Because the petitioner does not allege facts showing that his claims could be resolved in a different manner, a certificate of appealability will not issue in this case.

IV.  **CONCLUSION AND ORDER**

For the reasons stated above, the Court **ORDERS** as follows:

1. This habeas action filed by Troy Lynn Jones is **DISMISSED without prejudice** for failure of the petitioner to exhaust all available state remedies.
2. A certificate of appealability is **DENIED**.

The Clerk will provide a copy of this order to the petitioner.

SIGNED at Houston, Texas, this 23rd day of July, 2020.

_____
GEORGE C. HANKS, JR.
UNITED STATES DISTRICT JUDGE